**Opinion issued June 25, 2013**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-12-00897-CR

———————————

## EX PARTE JORGE LUIS MORALES

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Case No. 1145993A**

## MEMORANDUM OPINION

Appellant, Jorge Luis Morales, challenges the trial court's order denying

him the relief that he requested in his application for a writ of habeas corpus.[1]  In

---

[1]    *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (Vernon 2005) (providing for
appeal in felony or misdemeanor case in which applicant seeks relief from order or
judgment of conviction ordering community supervision).

his sole issue, appellant contends that the trial court erred in denying his application in which he asserted that his counsel failed to discuss with him the clear immigration consequences of his plea of guilty to the offense of possession of a controlled substance. [2]

We affirm.

## Background

On December 18, 2007, appellant, a citizen of Guatemala who was admitted to the United States as a legal permanent resident in 2004, pleaded guilty, and, pursuant to his plea agreement with the State, the trial court deferred adjudication of his guilt.

On April 29, 2011, the United States Department of Homeland Security instituted proceedings to remove appellant from the country based on his guilty plea. Appellant subsequently filed his application in the district court, asserting that had he been advised by his trial counsel that his guilty plea would result in his deportation, he "would have insisted on going to trial and presenting a vigorous defense."

Appellant attached to his application the affidavit of his attorney, who testified in pertinent part as follows:

> It was my practice at the time to advise all of my noncitizen clients of the possibility of serious immigration consequences from pleading

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b) (Vernon 2010).

guilty, as indicated by the required statutory admonishments and plea papers, and I reviewed the admonishment with Morales.

When discussing the Deferred Adjudication of Guilt option with community supervision, I did explain there could be immigration consequences and so did Judge Velasquez during the admonishment phase of the plea, but I did not tell Morales that he would be deported.

After a hearing, the trial court denied appellant's application.

## Ineffective Assistance of Counsel

In his sole issue on appeal, Morales argues that he received ineffective assistance in regard to his plea because his trial counsel did not comply with *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010). He asserts that *Padilla* applies retroactively to his case.

In *Padilla*, the United States Supreme Court held that counsel's "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel" and, therefore, counsel for a criminal defendant is required to provide advice regarding the immigration consequences following a guilty plea. 559 U.S. at ___, 130 S. Ct. at 1482. However, the Court has since explained that because *Padilla* announced a new rule of criminal procedure it does not apply retroactively. *Chaidez v. United States*, ___ U.S. ___, 133 S. Ct. 1103, 1113 (2013); *see also Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075 (1989) (holding that with two exceptions, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the

new rules are announced"). The Texas Court of Criminal Appeals, recognizing the holding in *Chaidez*, has likewise decided that *Padilla* does not apply retroactively under the Texas Constitution. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) (explicitly rejecting the opportunity to accord retroactive effect to *Padilla* as matter of state habeas law).

Here, appellant pleaded guilty in 2007, three years before *Padilla* was decided. He does not argue that his counsel's performance was deficient under pre-*Padilla* law. Accordingly, we hold that the trial court did not err in denying his application for a writ of habeas corpus.

We overrule appellant's sole issue.

### Conclusion

We affirm the order of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

4